# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ADAM LANE,
ADC #155843                                                                                           PLAINTIFF

5:18CV00259-BSM-JTK

JAMES, et al.                                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

1

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   Introduction

Plaintiff Adam Lane is a state inmate incarcerated at the Maximum Security Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging Defendants retaliated against him for filing grievances by placing him in unconstitutional conditions of confinement in a suicide cell. (Doc. No. 8) Defendants Swiney and Johnson were dismissed on November 20, 2018. (Doc. No. 13)

This matter is before the Court on the remaining Defendants' Motion for Summary

2

Judgment, Brief in Support, and Statement of Facts. (Doc. Nos. 35-37). Plaintiff filed a Statement of Facts and Response to the Motion (Doc. No. 39).

## II. Facts

In his Amended Complaint, Plaintiff stated that when he complained about threats from other inmates and requested protective custody, Defendant James arranged for his placement in suicide watch cell which was full of trash, bugs, feces, and lacked running water and a mat. (Doc. No. 8, p. 6) In addition, the cell remained lighted both day and night, and lacked a fire alarm, sprinkler, and fire safety system. (Id.) Defendant James also seized his property and legal work, and all named Defendants failed to respond to Plaintiff's complaints. (Id.) Plaintiff claimed Defendants placed him in the cell in retaliation for filing grievances and civil lawsuits and that the conditions caused him mental and physical injury. (Id., p. 7)

## III. Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex

Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

At issue in Defendants' Motion is whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the ADC grievance procedure, Administrative Directive (AD) 14-16 (Doc. No. 35-1), and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. Defendants present the Declaration of Terri Grigsby, the inmate grievance supervisor, who states that the grievance process consists of an informal resolution, a formal grievance, and a grievance appeal to the Assistant and/or Deputy Director. (Doc. No. 35-6, pp. 1-2) Inmates are advised that they must fully exhaust their remedies as to all defendants at all levels of the grievance procedure prior to filing their lawsuit. (Id., p. 2) After reviewing Plaintiff's grievance appeal file, Grigsby found that Plaintiff filed and exhausted three grievances concerning the issues raised in his Amended Complaint, but that none of the grievances were exhausted prior to the filing of this lawsuit. (Id., p. 3) Specifically, grievance CU 18-1040 was filed September 18, 2018, exhausted November 8, 2018, and concerned retaliation. (Id., Doc. No. 35-2) Grievance

4

CU 18-1049 was filed September 21, 2018, exhausted on December 10, 2018, and concerned his request for protective custody, threats, and seizure of property. (Doc. No. 35-6, p. 3; Doc. No. 35-3) Grievance CU 18-1077 was filed October 7, 2018, exhausted on December 6, 2018, and concerned the conditions of his cell (Doc. No. 35-6, p. 3; Doc. No. 35-4.) Plaintiff also filed CU 18-1094 concerning enemy alerts, protective custody and conditions of his cell on October 21, 2018, but it was rejected as an anticipated event and was never exhausted. (Doc. No. 35-6, p. 3; Doc. No. 35-5)  Based on these records, Defendants state Plaintiff's complaint should be dismissed for failure to exhaust these grievances prior to filing this lawsuit on October 15, 2018.

In Response, Plaintiff addresses the merits of his allegations against Defendants, and attached copies of some of these grievances he filed.

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through

5

administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

In this case, the ADC grievance policy in effect clearly instructs inmates that they must fully exhaust their administrative remedies prior to filing a lawsuit. (Doc. No. 35-1, p 17) It is clear to the Court that although Plaintiff filed grievances about the allegations in his complaint, he did not exhaust any of the grievances prior to filing his lawsuit. In addition, he did not name all of the Defendants in the grievances he filed. Absent evidence of additional grievances exhausted prior to the filing of this lawsuit, the Court finds

Plaintiff's complaint against Defendants should be dismissed, for failure to exhaust.

## IV.  Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 35) be GRANTED, and Plaintiff's Complaint be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 1st day of March, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE